C. H. SHOEMAKER v. THE ST. LOUIS & SAN FRANCISCO RAILWAY COMPANY.

INCONSISTENT FINDINGS; *Erroneous Judgment.* Where a jury render a general verdict, and make numerous special findings, and the special findings are inconsistent with each other, and some of them with the general verdict; and where the general verdict and some of the special findings are in favor of the plaintiff, and several of the special findings are in favor of the defendant; and where it appears from the findings of the jury that they found both ways, it is error for the trial court to render judgment upon the special findings in favor of the defendant; and, as in such condition of things neither party is entitled to judgment upon the verdict or findings, it is the duty of the trial court to grant a new trial.

*Error from Greenwood District Court.*

AT the December Term, 1882, of the district court, the defendant *Railway Company* had judgment against plaintiff *Shoemaker,* who brings the case to this court. The opinion states the facts.

*Hamilton Ellis,* and *Scott & Lynn,* for plaintiff in error.

*S. S. Kirpatrick,* and *John O'Day,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The petition of the plaintiff contains three counts. The first alleges, *inter alia,* that the railway company, by its agents and employés, changed and altered the course and channel of the stream fed by surface-water, known as "Salt creek," running through plaintiff's lands, and made

a new channel for said stream of water, thereby forcing the water of the stream from its usual channel into a ditch made by the company, and from thence it ran upon and overflowed cultivated fields of the plaintiff, to his damage in the sum of $150. The second count alleges that the railway company, in constructing its road through the premises described in the petition, went outside of its right-of-way upon the lands of the plaintiff, and removed therefrom earth, stone and gravel, and appropriated the same in the construction of its road, to the damage of the plaintiff in the sum of $50. The third count alleges the destruction of about fifty rods of plaintiff's fence by fire escaping in a negligent manner from the engines of the company.

As the jury found for the company upon this count on the facts submitted, and as no complaint is made thereof, the matters therein alleged are not before this court for consideration. The jury found a general verdict for the plaintiff on the first and second counts in the petition, and assessed his damage at $60 on each count, being a total of $120. The jury returned with their general verdict fifty-nine special findings of fact. The defendant filed a motion for judgment on the special findings, which motion was sustained, and judgment rendered against plaintiff for all costs.

The question submitted to this court is, whether the district court erred in rendering judgment on the special findings, for the railway company and against the plaintiff. It would be superfluous to recite the special findings, and all that we deem it necessary to say of them is, that the special findings are inconsistent with each other, and some of them with the general verdict. It appears that the general verdict and some of the special findings are in favor of the plaintiff; but other of the special findings are in favor of the railway company. Therefore it may said that the jury found upon the first two counts both ways. Under these circumstances, we think the court erred in rendering judgment for the railway company. We cannot say, upon the record before us, that the plaintiff is entitled to judgment. Therefore, as in the condition of the

case judgment cannot be rendered for either party, the cause will be remanded, with directions to the district court to order a new trial upon the first and second counts of the petition. (*Railway Co. v. Maher*, 23 Kas. 163.)

All the Justices concurring.