All the Justices concurring.

38   723<br>55    50

THE ST. LOUIS & SAN FRANCISCO RAILWAY COMPANY
v. C. H. SHOEMAKER.

INCONSISTENT FINDINGS; *Erroneous Judgment; New Trial.* Where a jury render a general verdict and make numerous special findings, and the special findings are inconsistent with each other, and some of them with the general verdict, it is error for the trial court to render judgment upon the special findings and general verdict, as in such condition of things neither party is entitled to judgment upon the verdict or findings, but it is the duty of the trial court to grant a new trial. The case of *Shoemaker v. St. L. & S. F. Rly. Co.,* 30 Kas. 359, cited, and followed.

*Error from Greenwood District Court.*

On November 1, 1881, *Shoemaker* brought this action against *The Railway Company.* His petition contained three counts: First, for changing the course of a certain stream fed by surface-water, running through plaintiff's land, to his damage in the sum of $150; second, for digging and removing earth, stone and gravel from plaintiff's land, to his damage in the sum of $50; third, for destroying about fifty rods of plaintiff's fence by fire escaping in a negligent manner from the engine of the railway company, to his damage in the sum of $30. On the trial the jury found for the defendant on the third count; and rendered a general verdict for the plaintiff on the first and second counts in the petition, assessing his damage at $60 on

each count. The jury returned with their general verdict fifty-nine special findings of fact. The defendant moved for judgment on the special findings, which motion the court sustained, and rendered judgment against the plaintiff for all costs. The plaintiff took the case to the supreme court, where the judgment was reversed, and a new trial ordered on the first and second counts of the petition. ( 30 Kas. 359.) Trial at the December Term, 1885. The jury returned a verdict for plaintiff for $48.78, and made special findings of fact as follows:

"1. Did the plaintiff and his wife, in 1879, make, execute and deliver to the St. Louis, Wichita & Western Railway Company a deed of conveyance whereby they conveyed to the said railway company a strip of land 100 feet in width across the lands mentioned in plaintiff's petition, for the purpose of constructing its railway thereon? *Ans.:* Yes.

"2. Did said St. Louis, Wichita & Western Railway Company, during the years 1879 and 1880, construct its line of railway through Greenwood county, and over this strip of land conveyed to it by the plaintiff and his wife? A. Yes.

"3. Did the St. Louis, Wichita & Western Railway Company, in constructing that part of its railway over and across the lands of the plaintiff, let the contract therefor to the St. Louis & San Francisco Railway Company, and did said last-named company sublet said contract to one Riley, a contractor, who contracted and agreed to construct the same at a stipulated price? A. Yes.

"4. Did said contractor, in the construction of said railway road-bed for said railway company, employ and discharge his own hands or servants at his own pleasure? A. Yes.

"5. Did the St. Louis & San Francisco Railway Company employ any of the hands or servants who constructed said road-bed? A. Yes.

"6. Did the hands or servants employed and under the care of said contractor construct the railway through the plaintiff's land, and in doing so, did they go outside of the right-of-way and dig and remove earth, stone and gravel? A. Yes."

"8. Was the superstructure or road-bed of said railway negligently and unskillfully constructed; if yes, in what did the negligence consist? A. Yes, in so constructing the ditch on the south side of the railroad as to discharge the water from the creek on the cultivated land of the plaintiff during high water."

"12. Was the railway company guilty of negligence in omitting to put in a culvert or water-way a few rods east of Salt creek, on the plaintiff's farm, and do you have the verdict on that omission of the railway company? A. No.

"13. Was it necessary for the railway in constructing its road-bed in order to draw the surplus water that would accumulate along the sides of the embankment, to cut ditches along the sides of the embankment into Salt creek? A. On the north side only.

"14. Was it necessary for the railway company in constructing its road-bed just east of Salt creek on plaintiff's farm in order to prevent its banks from overflowing to make a fill of several feet in height, and in order to make that fill was it necessary to cut deep ditches along the side of its road-bed in order to get sufficient earth to make said fill? A. No.

"15. Did the railway company, in constructing its railway over Salt creek on plaintiff's farm, straighten the channel of said creek and lower the bottom of the same and widen the channel where the said railway crossed the same, and would not said channel, where said railway crossed said creek, hold and carry away a greater volume of water than it would have done prior to its being interfered with? A. Yes.

"16. Did the defendants themselves, or their servants, counsel, aid or advise the person engaged in the construction of said railway to go upon the plaintiff's land and outside of the right-of-way and dig and remove earth, stone, gravel or other materials? If yes, what agent or servant did so counsel or advise the trespass, and to whom was the advice given, and what did he or they say? A. No."

The defendant moved for judgment in its favor upon the special findings, which motion was denied. Its motion for a new trial was overruled. *The Company* brings the case here.

*John O'Day*, and *E. D. Kenna*, for plaintiff in error.

Opinion by SIMPSON, C.: This case was tried by a jury upon the first two causes of action stated in the petition, and resulted in a verdict for the defendant in error, for $48.78. The jury returned answers to particular questions submitted to them, and among other things found that the railroad was constructed through the land of the defendant in error by a contractor, at a stipulated price, who had sole control of the

employment and discharge of his own hands and servants, and that they went outside of the right-of-way and dug and removed earth, stone, and gravel. They also found that the plaintiff in error, the railway company, employed hands and servants in the construction of said railroad; but they also found that such agents and servants of the railway company did not advise, aid or abet the person engaged in the construction of the road to go outside of the right-of-way and dig and remove stone, earth and gravel from the land of the defendant in error.

These special findings are so inconsistent with each other, and are so antagonistic to the general verdict, that the case must be reversed for the same reasons given in *Shoemaker v. St. L. & S. F. Rly. Co.*, 30 Kas. 359.

It is recommended that the judgment be reversed, with instructions to grant a new trial.

By the Court: It is so ordered.

All the Justices concurring.