JOHN F. LINKER, *Appellant*, v. THE UNION PACIFIC RAILROAD COMPANY, *Appellee*.

No. 16,445.

SYLLABUS BY THE COURT.

1. RAILROADS — *Injury to Licensee* — *Proof of Negligence in Switching Cars—Defective Appliances*. A car was set out by the defendant upon its sidetrack at an elevator, to be loaded. The plaintiff, an employee of the elevator company, was, in pursuance of his duty, and with due care, at work in the car, preparing it to receive grain. The same trainmen that had set out the car, about thirty minutes afterward, switched a car belonging to another company out of the same train upon this sidetrack, and by a push from the engine and cars propelled it down the sidetrack over 700 feet from the switch to the grain car, with which it collided with such force

as to injure the plaintiff at work therein. The plaintiff's presence in the car was known to the trainmen, but no notice or warning was given to him. A brakeman upon the moving car, intending to stop it at a point 300 feet from the grain car, was unable to do so because the brake for some reason failed to work properly. The evidence does not show in what respect the brake was defective. It is *held*, (1) that the collision and resulting injuries, in the circumstances, by the means and in the manner stated, constituted evidence of negligence; (2) that, in the absence of any other evidence or explanation, the fact that the brake failed to do its ordinary work and the fact that because of its failure the brakeman was unable to stop the car were not sufficient to establish a complete defense; and (3) that a general verdict for the plaintiff should be upheld.

2. PLEADINGS—*Negligence.* The petition contained an allegation that the defendant, by its agents, servants and employees, negligently and without notice or warning switched and propelled a car down the sidetrack against the car in which the plaintiff was at work with such force as to cause the injury for which a recovery was sought. It is *held*, that the facts stated in the preceding paragraph are within the issues.

Appeal from Lincoln district court; ROLLIN R. REES, judge. Opinion filed June 11, 1910. Reversed.

*E. A. McFarland,* and *John J. McCurdy,* for the appellant.

*R. W. Blair, H. A. Scandrett,* and *B. W. Scandrett,* for the appellee.

The opinion of the court was delivered by

BENSON, J.: John F. Linker sued for damages resulting from injuries to his person, suffered while preparing a car standing upon a sidetrack for the reception of grain. He alleged that the injuries were caused by the negligence of the defendant in carelessly pushing another car against the one in which he was at work. The answer contained a general denial, and an averment of contributory negligence. A verdict was returned for the plaintiff, but upon the special findings a

judgment was rendered for the defendant, from which the plaintiff appeals.

From the findings it appears that the defendant set out an empty car to be loaded with grain at an elevator. The plaintiff was an employee of the elevator company, and it was his duty to clean the car and put in grain doors preparatory to loading. Through a mistake the trainmen picked up a Rock Island car standing upon the siding and placed it in the same train from which the grain car had been detached. It was then discovered that the Rock Island car had been only partially unloaded, and orders were received to replace it upon the siding. To do this the train was moved east on the main track, the cars in the rear uncoupled, and this car was detached while the train was moving and was pushed west upon the sidetrack. By the momentum thus given, and because it was upon a down grade, this car moved on toward the grain car, which was standing 768 feet from the switch. When 300 feet from the grain car a brakeman upon the approaching car tried his best to stop it, by turning the brake, but because the brakes for some reason failed to act properly he was unable to do so, and it moved on, striking the grain car with such force as to injure the plaintiff at work therein. The trainmen knew of the presence of the plaintiff in the grain car, and intended to stop the Rock Island car 300 feet from it, and the brakeman could have stopped it there had the brake responded in the ordinary way to his efforts. This grain car had been standing at the elevator thirty minutes when the collision occurred. The plaintiff exercised due care and caution, and no warning or notice was given to him that the Rock Island car was to be sent down the sidetrack. The petition contained the following allegations of negligence:

"Plaintiff alleges and says that said defendant, by its agents, servants and employees, without any notice or warning of any kind to this plaintiff, carelessly, negligently and heedlessly switched the same partly un-

Linker v. Railroad Co.

loaded car, which said defendant had before taken from the sidetrack, back, down and upon the same sidetrack upon which the car, in which the plaintiff was working, and said defendant, by its said engine, operated by the agents, servants and employees of said defendant, without any notice or warning to this plaintiff, carelessly, negligently and heedlessly switched, pushed and propelled, with great force, speed and violence, said partly loaded car upon and against the said car in which the said plaintiff was then working, and struck said car with great force and violence, thereby knocking the said plaintiff from his feet and throwing said plaintiff, by reason of the great force of the moving car, upon his back."

The district court awarded judgment for the defendant notwithstanding the general verdict, upon the ground, as it seems, that defendant could not be held liable under the foregoing allegations of negligence if the collision occurred because of a defect in the brake, not discernible from a casual examination, and no more force was used in switching the car than reasonably prudent men would have used.

The averment of the petition is that the defendant negligently switched the Rock Island car against the grain car. It is true that it is alleged that this was done by its agents, servants and employees, but as corporations can not in such matters act otherwise, the negligence charged is that of the defendant and not that of any particular employee or class of employees. No motion to make the charge more definite was made. The defendant could be negligent in switching this car by the use of defective or insufficient instrumentalities as well as by the careless use of sufficient instrumentalities. In either case the negligence would be that of the defendant. Therefore the allegations of negligence were broad enough to include the use of a defective brake, as well as the failure properly to use a good brake. The contention of the defendant that the use of a defective brake was not within the issues is based upon an erroneous construction of the petition.

· The duty of a railway company to a person in the situation of the plaintiff is stated in section 1265c of the second edition of volume 3 of Elliott on Railroads thus:

"Shippers and consignees of freight on railroad premises for the purpose of loading and unloading cars are properly there and are not trespassers, or bare licensees, and the railroad company is bound to use reasonable care to avoid injuring them while so engaged. If such persons while so engaged, and without negligence on their own part other than that inattention to their own safety which an absorption in the duties in which they are engaged naturally produces, are hurt by the negligence of the railway company, they have an action for damages. It is a duty of switch crews with knowledge or the means of knowledge that persons are loading or unloading cars to warn them of an intention to switch cars over a track on which their car is placed."

This court, in a case involving the same question, said:

"Where a shipper of stock has a contract with the railway company for himself to load his stock upon the cars of the company at its stockyards, and a car is furnished him near the chute of the yards for his use, and one of his employees uncouples it from another and pushes it down to the chute for the purpose of loading the stock, the railway company in the management of its other cars owes the duty of exercising ordinary care and diligence to the shipper and his employees while they are engaged in loading the car and doing such other work preparatory to loading as is usual and necessary to do." (*U. P. Rly. Co. v. Harwood*, 31 Kan. 388, syllabus.)

The same rule is tersely stated in section 1841 of volume 2 of Thompson's Commentaries on the Law of Negligence and in *C. & N. W. Ry. Co. v. Goebel*, 119 Ill. 515, where the facts were quite similar to the facts in this case, and may be found in many decisions.

There was a clear track for over 700 feet from the switch to the car in which the plaintiff was working. This car had just been placed there by the same train-

men, who knew of the presence of the plaintiff in the car. In such a situation, to propel another car against the one in which he was working with such force as to injure him was an unusual and apparently unnecessary occurrence, affording evidence of negligence. To meet this *prima facie* case the defendant offered evidence showing that the collision occurred because a brake would not work properly. As there was no explanation made or reason given for the failure of the brake to do its ordinary work it must be presumed, and seems to be conceded, that it was defective. The question is presented, therefore, whether a defective brake upon a car in the defendant's train, which it was operating, relieves it from the consequences of an otherwise negligent act.

The defendant contends that, having shown that the collision was caused by a defective brake and that the car belonged to another company, its defense was complete. It is insisted that, to show liability, proof should have been made by the plaintiff that the defect was so obvious that the trainmen doing the switching must have seen it. It was sufficient, however, for the plaintiff to show the negligence of the defendant or of any agent or employee causing the collision, and his injury therefrom. The jury did not find whether the defect was readily apparent or not, nor was there any finding or evidence relating to an inspection of the car. It is argued by the defendant that the burden was upon the plaintiff to prove a breach of the duty of inspection, and that if it had been proven it was not within the issues. The precise question, however, is whether the proof of the defective brake was a complete defense. It is deemed insufficient because, in the absence of any other evidence or explanation, the use of the car in the circumstances and manner in which it was used (with an insufficient brake and without other means of control, and without warning to one known to be in a place of danger from such use) was a negligent act. It was not

sufficient to show that the collision was caused by a defective brake, without showing that the defendant was not at fault in using it, for such use without explanation appeared to be negligent. The duty of inspection of foreign cars is referred to in the argument, and has been stated by this court in the following words:

"It is the duty of a railroad company to inspect cars owned by or received from another company, which the employees of the former company are required to handle or use, where there is time and opportunity to do so, and it will be liable to its employees for injuries resulting from defects in such cars which an ordinary inspection would have discovered." (*Railroad Co. v. Penfold,* 57 Kan. 148, syllabus.)

The matter of inspection, however, is only incidentally involved here. Counsel for the defendant say that the defendant's testimony to the effect that the conductor and brakeman found that the car was in apparent good condition "was not introduced for the purpose of showing that the defendant had fulfilled its duty with respect to the inspection of foreign cars, but was simply introduced for the purpose of showing that these trainmen did not know there was anything the matter with this car." In a case involving a situation essentially the same as presented in this record, except that the person injured was an employee of the railroad company, it appeared that such employee was unloading bricks into a car when other cars were backed against the one in which he was at work, causing injury to him. It was shown that the collision occurred because of a defective brake. In the opinion it was said:

"We think it enough to say that in our opinion it was wholly unimportant whose duty it was to inspect the couplings of the cars, brakes, etc., and how, on that occasion, the engineer managed his train. The facts are uncontroverted that appellee and others were put to work unloading a car standing on a spur of a sidetrack —*i. e.,* a track having connection with other tracks only at one end. It was not at a place where there were

Linker v. Railroad Co.

passing trains.   There was not a single circumstance in evidence tending to prove that a laborer at that car ought to have anticipated that it might be disturbed while being unloaded. . . . It was therefore the duty of the appellant to bring no peril upon the laborer without first giving him timely notice.   Either the cars ought not to have been brought into the position they were,  before the bricks were unloaded, and without timely notice to the laborers of the danger thereby, or it should have been first ascertained that no danger to those laborers could result.   No matter whose individual duty it was to inspect the company's brakes, etc., the obligation was upon appellant not to bring upon appellee and the other laborers, without previous timely notice, in the helpless condition they were, this danger, and to do so was, unquestionably, in fact, gross negligence, to which there was no contributive negligence on the part of appellee."   (*Rolling Mill Co. v. Johnson,* 114 Ill. 57, 62, 63.)

The term "gross negligence" in the foregoing quotation is probably not applicable to the facts of this case, but that the defendant was negligent appears from the findings as we construe them in connection with the general verdict.   The findings to the effect that the brakeman was unable to stop the car because the brake failed to work properly was not sufficient to avoid the effect of the other findings and of the general verdict finding the issues in favor of the plaintiff.

The judgment is reversed and the cause remanded, with directions to enter judgment for the plaintiff upon the verdict.