JOHN F. LINKER, *Appellee*, v. THE UNION PACIFIC RAILROAD COMPANY, *Appellant*.

No. 17,645.

SYLLABUS BY THE COURT.

1. PRACTICE—*Motion for Judgment—Motion for New Trial—Waiver*. Procuring a favorable decision of a motion for judgment on the special findings, notwithstanding the general verdict, never operates as a waiver of a motion for a new trial so long as the decision of the former motion is subject to review.

2. —— *Same*. The trial court sustained the defendant's motion for judgment on the special verdict. No action was taken on the motion for a new trial. The plaintiff appealed and the decision was reversed. *Held*, that the defendant was entitled to a ruling upon the motion for a new trial, notwithstanding the mandate directed that judgment be rendered for the plaintiff on the general verdict.

3. MOTION FOR NEW TRIAL—*Duty of Succeeding Judge*. One of the grounds of the motion for a new trial was that the verdict was not sustained by the evidence. The judge who tried the case having resigned, the motion came on for hearing before his successor. *Held*, that it was error not to grant a new trial.

Appeal from Lincoln district court. Opinion filed May 11, 1912. Reversed.

*R. W. Blair, B. W. Scandrett*, and *C. A. Magaw*, for the appellant.

*E. A. McFarland*, and *J. J. McCurdy*, for the appellee.

The opinion of the court was delivered by

PORTER, J.:   John F. Linker sued to recover for personal injuries.   The jury returned a verdict in his favor for $500, and made a number of special findings.   This was on May 29, 1908.   On the same day the defendant filed a motion for judgment on the special findings, notwithstanding the verdict; and also a motion for a new trial, setting up the statutory grounds.   The motion for judgment on the special findings was sustained and the court rendered judgment in defendant's favor for costs. Plaintiff appealed and this court reversed and remanded the cause with directions to enter judgment for plaintiff on the general verdict.   (*Linker v. Railroad Co.*, 82 Kan. 580, 109 Pac. 678.)   In the meantime the judge before whom the case was tried resigned and the subsequent proceedings were had before his successor.   When the plaintiff asked to have the mandate of the supreme court spread of record, the defendant called up its motion for a new trial, which had not been passed upon, and urged that a new trial should be granted, for the reason that the present judge could not intelligently determine the question whether or not the verdict was supported by the evidence.   The court overruled the motion for a new trial and rendered judgment for plaintiff on the general verdict, and this appeal is brought to review the ruling.

The journal entry recites that:

"The court states that the motion for a new trial is not allowed, principally for the reason that the defendant has waived its right to the same by having obtained a judgment on the special findings of the jury, and for the further reason that the statute is mandatory upon the District Court to enter the mandate and judgment of the Supreme Court, where the Supreme Court orders a judgment to be entered by the District Court."

On the former hearing the only question before us for review was the action of the trial court in rendering

judgment upon the special findings. We held that the special verdict was not inconsistent with the general verdict and therefore directed that the judgment follow the general verdict. At that time the motion for a new trial had not been acted upon and could not have been considered by this court. The mandate could not in any way prevent the trial court from passing upon that motion when it should be reached in regular order. As suggested by the defendant, the court might well have rendered judgment on the general verdict, following the mandate strictly, and then have taken up the motion for a new trial, sustained it, and set aside the judgment. In *Railway Co. v. Osburn,* 79 Kan. 348, 100 Pac. 473, the situation was this: The railway company filed no motion for a new trial until after the ruling sustaining its motion for judgment on the special findings had been reversed and the cause remanded with directions to render judgment on the general verdict. The motion for a new trial having been filed too late, it was held that the trial court was right in overruling it. In the present case the defendant followed the practice approved by this court and filed both motions. Procuring a favorable decision upon a motion for judgment on the special findings never operates as a waiver of a motion for a new trial so long as the decision upon the former motion is subject to review. In *Railroad Co. v. Holland,* 58 Kan. 317, 49 Pac. 71, it was ruled in the syllabus that:

"A motion for judgment on special findings notwithstanding the general verdict, and one for a new trial, may be filed by the defendant at the same time; and the submission and decision of the former motion will not operate as a waiver of the latter." (Syl. ¶ 1.)

Where both motions are filed, the one asking a new trial might properly be regarded as waived and be stricken from the docket whenever the decision sustaining the motion for judgment upon the special verdict became final, because then the motion for a new

Linker v. Railroad Co.

trial has no purpose to serve. But·so long as judgment may be rendered on the general verdict, the defendant has the right to have the motion which is directed against that verdict taken up and a ruling made thereon. There was no waiver of the motion for a new trial, and nothing in the mandate of this court which foreclosed the defendant's right to have the motion acted upon.

Where the judge who tried the cause resigns and a motion for a new trial based upon the ground that the verdict is not sustained by the evidence comes up for hearing before his successor, the approved practice has been for the motion to be sustained as a matter of course, for the reason that the judge, not having heard the evidence, can not intelligently determine the question as to its sufficiency. The motion must be sustained unless the verdict of the jury meets the independent approval of the trial judge. The precise question was passed upon in *Bass v. Swingley,* 42 Kan. 729, 22 Pac. 714, where it was held to be the duty of the new judge to sustain the motion. The same ruling was made in *Insurance Co. v. Neff,* 43 Kan. 457, 23 Pac. 606.

It follows from what has been said that it was error to deny the motion and to enter judgment on the general verdict. The cause is reversed and remanded with directions to set aside the judgment and grant a new trial.