No. 20,041.

FRANK TACHA, *Appellee,* v. THE CHICAGO, ROCK ISLAND &
PACIFIC RAILWAY COMPANY, *Appellant.*

### SYLLABUS BY THE COURT.

1. DAMAGES BY FIRE—*Special Findings Inconsistent with Verdict—No
   Negligence Shown.* Rule followed that special findings of the jury,
   when inconsistent with the general verdict, control the latter, and
   judgment should be entered accordingly. (Civ. Code, § 294; Laws
   1913, ch. 239.)

2. SAME—*Presumption of Negligence Overcome by Defendant's Evi-
   dence.* Special findings of fact examined and held to show that the
   defendant sustained the burden of proof to overcome the statutory
   presumption of its negligence with respect to a fire which started near
   its right of way.

3. REVIEWED—*No Motion for New Trial.* Rule followed that questions
   of law as applied to ascertained facts are subject to review on appeal
   although no motion for judgment was filed in time in the district court.

4. SAME. Rule followed that the filing of a motion for a new trial in the
   district court is not necessary to secure a review of questions of law in
   the supreme court.

Appeal from Decatur district court; WILLIAM S. LANG-
MADE, judge. Opinion filed March 11, 1916. Reversed.

*Paul E. Walker,* and *Luther Burns,* both of Topeka, for the
appellant.

*J. P. Noble,* of Oberlin, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The plaintiff recovered judgment against the
Rock Island Railway Company for $104.20 as damages to his
pasture, fencing, cow shed and barn caused by a fire alleged to
have been set out by defendant's engine. It was shown that
the only railway engine which by any possibility could have

caused the fire within the time of its occurrence, between 12:30 and 2 p. m., was the one which passed about 1 p. m.

The jury made the following findings of fact:

"1. Did the said fire start at a point off the defendant's right-of-way? Answer. Yes.

"2. What time of the day did the said fire occur? Answer. 12:30 to 2:00 p. m. (Central time).

"3. How far from the defendant's track did the said fire start? Answer. About 150 feet.

"4. What time did the last train pass over the defendant's track prior to the discovery of the fire? Answer. Near 1 p. m. (Central time).

"5. Was such engine, at the time the fire was alleged to have escaped, handled in a competent, careful and skillful manner? Answer. Apparently it was.

"6. Was such engine of an approved pattern and an approved construction? Answer. Yes.

"7. Was such engine supplied with approved appliances to prevent the escape of sparks? Answer. Apparently it was.

"8. Was such engine examined with reference to its appliances to prevent the escape of sparks immediately before it started out on its trip upon which the fire is alleged to have escaped? Answer. Apparently it was.

"9. Upon the special examination, in what condition was the engine found? Answer. Good condition.

"10. If you find that the defendant was negligent in any particular which directly contributed to the plaintiff's damage, state fully and in detail in what such negligence consisted, and give the names of the employes who were negligent. Answer. No negligence shown."

The special findings acquit the defendant of negligence. Section 294 of the civil code (Laws 1913, ch. 239) provides:

"When the special finding of facts is inconsistent with the general verdict, the former controls the latter, and the court may give judgment accordingly."

So say all the decisions of this court for the last forty years, beginning with *Nichols v. Weaver*, 7 Kan. 373, decided in 1871, down to *Martin v. City of Columbus*, 96 Kan. 803, 153 Pac. 518, decided in 1915.

But it is urged that defendant's motion for judgment on the special findings and motion for a new trial were not filed within three days as the code requires. Where does this leave the appeal? All matters which should be presented on a motion for new trial are eliminated from our consideration on appeal. Does the same effect follow the failure to move in time for judgment on the special findings? It seems not. A motion

Tacha v. Railway Co.

for judgment, whether on the pleadings, special findings, default or admissions of the opposing party, or otherwise, is but a convenient and appropriate method of seeking to bring a lawsuit summarily to a close. It need not be formal. Unless it is a motion where notice is required it need not be in writing. (Civ. Code, §§ 556, 558.)

"Probably a written motion for judgment on the findings is not essential. When inconsistent with the general verdict they control, and it is the duty of the court, with or without formal application, to give judgment accordingly. Civil Code, § 288." (*Railroad Co. v. Holland*, 58 Kan. 317, 319, 49 Pac. 71. See, also, *Clement v. Hartzell*, 60 Kan. 317, 321, 56 Pac. 504.)

Moreover, the appellant is entitled to a review of the questions of law involved, and we are bound to hold that the special findings of fact settled by the jury entitled the appellant and not the appellee to judgment. In *Comm'rs of Wyandotte Co. v. Arnold*, 49 Kan. 279, 30 Pac. 486, it was said:

"The supreme court will review the form and substance of a final judgment and correct all substantial errors therein, whether the judgment has been excepted to in any form or not.

"If, upon the trial, the court, at the request of the parties, states in writing the conclusions of fact separately from the conclusions of law, and the conclusions of fact are inconsistent with the conclusions of law and the judgment rendered thereon, the supreme court may direct judgment upon the conclusions of fact found, although no exceptions are taken to the conclusions of law. The conclusions of fact control, and judgment must be given accordingly." (Syl. ¶¶ 1, 2.)

In *Ritchie v. K. N. & D. Rly. Co.*, 55 Kan. 36, 39 Pac. 718, it was said:

"When, however, all questions as to the facts have been eliminated, this court is in as good a position to determine issues of law upon a written statement of facts as any trial court can be, and no necessity exists for the trial court to again pass on the identical questions of law arising in the case. This view of the law has been steadily adhered to by this court in very numerous decisions. (*Osborne v. Young*, 28 Kan. 769; *Horn v. Newton City Bank*, 32 Kan. 518; *Lender v. Caldwell*, 4 Kan. 339; *Coburn v. Weed*, 12 Kan. 182; *Holcomb v. Dowell*, 15 Kan. 379; *St. L. & S. F. Rly. Co. v. Shoemaker*, 38 Kan. 723; *Stettauer v. Carney*, 20 Kan. 474; *Stapleton v. Orr*, 43 Kan. 170; *Windmill Co. v. Buchanan*, 46 Kan. 314; *Comm'rs of Wyandotte Co. v. Arnold*, 49 Kan. 279.) This conclusion in no manner conflicts with the cases of *Nesbitt v. Hines*, 17 Kan. 316; *City of Atchison v. Byrnes*, 22 Kan. 65, or *Lucas v. Sturr*, 21 Kan. 480. We still adhere to the rule that, in order to review any errors of law occurring at the trial of an issue of fact, a motion for a new trial must be duly filed and considered by the trial court." (p. 50.)

The railroad's liability in this case was grounded on the statutory presumption of its negligence. (Gen. Stat. 1909, § 7079.) If there was any positive evidence offered by the plaintiff it was. disbelieved by the jury. (Finding No. 10.) The railroad company met and overcame the statutory presumption by its proof.

This necessitates a reversal of the judgment with instructions to enter judgment for the appellant on the jury's special findings of fact.