No. 20,193.

GEORGE EILER, *Appellant,* v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, *Appellee.*

### SYLLABUS BY THE COURT.

1. COMMON CARRIER—*Caretaker of Live Stock—Injuries—Contributory Negligence.* The plaintiff shipped a car of cattle from Beloit to Garden City and went with the car under a live-stock shipper's contract. While the car was standing alone on a sidetrack at Strong City he undertook to ascertain the condition of the cattle. He climbed to the top of a ladder on the side of the car, and thinking that he could see better from the end of the car, placed his right foot on a step of the ladder on the end, with his left hand took hold of the brake wheel at the end of the car to the right of the end ladder, and started to bend over' so that he could take hold of a wooden slat in the end of the car with his right hand, intending to climb down toward the lower opposite corner of the car at the end until he could get a good view of the cattle. He was thrown to the ground and injured by the brake wheel turning. He was guilty of such negligence as prevents his recovery for the injuries sustained by him.

Eiler v. Railway Co.

2. SAME—*Railway Company Not Negligent.* Under such circumstances the defendant was not guilty of negligence toward the plaintiff.

3. SAME—*Caretaker of Live Stock—Injuries—Evidence—Custom.* In an action to recover damages for injuries sustained by a caretaker of live stock while climbing about the car containing the live stock, it is not reversible error to exclude evidence showing a custom among live-stock shippers to climb about and over stock cars in caring for the live stock therein, where the conduct of the party shows that his negligence caused his injury.

Appeal from Finney district court; GEORGE J. DOWNER, judge. Opinion filed May 6, 1916. Affirmed.

*A. Schulman,* of Garden City, for the appellant.

*William Easton Hutchison,* of Garden City, *William Os-. mond,* of Great Bend, *William R. Smith, Owen J. Wood, Alfred A. Scott,* and *Harlow Hurley,* all of Topeka, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This is an action for damages for personal injury to a shipper of live stock. Judgment was rendered in favor of the defendant on a demurrer to the evidence. The plaintiff appeals.

The plaintiff, as caretaker, was accompanying a car of milch cows shipped by him from Beloit to Garden City. The shipment was made under a shipper's contract. While the car was standing alone on the defendant's sidetrack at Strong City, the plaintiff, to enable him to ascertain the condition of the cows, climbed a ladder on the side of the car until his hand reached the top rung on the top of the car. He could not see the cows while standing on the ground, for the reason that straw bedding in the car had become piled up on its sides. It was dark. Electric lights were shining some distance away. The plaintiff could not see the condition of his cattle from his position on the ladder on the side of the car. Thinking that he could see better from the end of the car, he placed his right foot on the step of a ladder on the end of the car, and with his left hand took hold of the brake wheel to the right of the end ladder, and started to bend over so that he could take hold of a wooden slat in the end of the car with his right hand, intending to climb down toward the lower opposite corner of the car at that

end until he could finally get a good view of the cattle, when he was thrown to the ground and injured by the brake wheel turning. The negligence alleged is that when the car was placed on the sidetrack the defendant failed to lock the brake or locked it in a careless and negligent manner; or that the brake was defective and would not lock securely.

The plaintiff produced several witnesses to prove that it was customary among live-stock shippers to climb about and over stock cars in caring for the live stock therein. This evidence was excluded.

The evidence tended to show that it was the custom of the defendant to set the brakes on a car when left standing on a side track, to prevent the car being moved. The evidence also tended to show that if the brake had been properly set the wheel would not have turned by the plaintiff's taking hold of it and resting a portion of his weight on it.

1. It is argued that the demurrer to the evidence should not have been sustained. The plaintiff was a passenger, and the defendant owed him the duty that it owed to a passenger. This rule has been often stated, but it necessarily has some qualifications. A passenger ordinarily does not voluntarily place himself in a dangerous situation. He does not climb onto, over, or around the car in which he is riding. He stays in a passenger's place and observes the care the situation imposes on him. If he does not observe that care and is injured by his own negligence the carrier is not liable. The plaintiff was the caretaker of his carload of cows. When he was about the car containing his cattle, the obligations of the defendant toward him as a passenger were modified by the conditions which compelled the plaintiff to get out of a passenger's situation and condition. When in, on, or about the car containing his cattle, he was not in the condition or situation in which a passenger is ordinarily found. The care that the defendant must exercise toward a passenger on a passenger or freight train is not the same as must be exercised towards the caretaker of live stock when he is working about the car containing his live stock. The plaintiff was not then a passenger in such sense as to render applicable to him all the rules governing the transportation of passengers. He was charged with the care of his cattle. He cared for them while on the way, and in various ways subjected himself to perils not incident to

ordinary travel. To the extent that caring for the cattle interfered with the operation of ordinary rules of liability, the duty of the defendant was modified. (*Omaha & R. V. R. Co.· v. Crow,* 54 Neb. 747, 74 N. W. 1066, 69 Am. St. Rep. 741; *Chicago, B. & Q. R. Co. v. Troyer,* 70 Neb. 287, 97 N. W. 308; 70 Neb. 293, 103 N. W. 682.)

While the plaintiff was about the car caring for his cattle it was his duty to exercise reasonable care for his own protection and not to place himself in a place of danger. When he undertook to descend from the top of the car on one side to the bottom of the car on the other side, across the end, and with his feet on the ladder at the end of the car, his left hand grasping the brake wheel, his body leaning to the right, and undertaking to grasp a slat in the end of the car with his right hand, he ceased to exercise that degree of care which the circumstances demanded of him, and he was guilty of such negligence as prevents his recovery for the injury sustained by him.

2. The plaintiff argues that the brake was either defective or was improperly set, that this constituted negligence on the part of the defendant, and that that negligence caused the injury to the plaintiff. What duty did the defendant owe the plaintiff, so far as the brake was concerned? The brake was not a ladder. Its primary use was not for climbing, but for stopping or holding the car. There was no obligation on the defendant to see that the brake was in a proper and safe condition to be used for climbing about the car. There was nothing in the evidence to indicate that it was not proper and safe for the use for which it was intended. It could not have been anticipated that the brake, defective, improperly set, or loose, would cause injury to any one while climbing about the car. If by reason of a defective brake or the failure to set the brake the car had moved on the track and thereby had injured the plaintiff, the defendant would be liable under *U. P. Rly. Co. v. Harwood,* 31 Kan. 388, 2 Pac. 605. (Reversed by the United States supreme court; see *Pacific Railroad Removal Cases,* 115 U. S. 1, 29 L. Ed. 319. See, also, *Linker v. Railroad Co.,* 82 Kan. 580, 584, 109 Pac. 678.) In the Harwood case the moving of the car and the consequent injury might have been anticipated. In this case the car did not move, and the accident that occurred could not reasonably have been anticipated. In the present case the

car stood still on the track. The defendant was not guilty of any negligence toward the plaintiff.

3. Complaint is made of the exclusion of evidence to show a custom of live-stock shippers to climb about and over stock cars containing their shipments. What has been said on the demurrer to the evidence disposes of this complaint. It was not reversible error to exclude that evidence, for the reason that the plaintiff's evidence established such negligence on his part as prevented his recovery; and evidence of the custom could not relieve him from the consequences of his negligence.

The judgment is affirmed.