No. 21,991.

WILLIAM A. HURT, *Appellant*, v. E. E. STOUT and ALICE STOUT, *Appellees*.

SYLLABUS BY THE COURT.

1. SPECIAL FINDINGS—*Control General Verdict*. Special findings of a jury control their verdict and, although one of the findings is set aside for lack of support in the evidence, the court may render judgment on the remaining special findings notwithstanding the verdict, where the discarded finding does not conflict with or impair the force of the other findings which of themselves settle the substantial issues in the case.

2. WARRANTY DEED—*Alteration Without Consent of Grantors—Deed Rendered Void as to Grantee*. In an action for a breach of warranty against encumbrances, an alteration made at the request of the grantee after the execution and delivery of the deed, without the knowledge or consent of the grantors, which substantially reduced the mortgage indebtedness that the grantee was to assume and pay, it is held that the alteration was material and rendered the instrument void so far as the grantee is concerned.

3. SAME—*Alteration by Direction or Procurement of Grantee*. An alteration made by the direction or procurement of the grantee without the knowledge or consent of the grantors, has the same invalidating effect as if made by the grantee with his own hand.

4. PRACTICE—*Motion for Judgment on Special Findings—Motion for New Trial*. The filing of a motion for a new trial within three days after the verdict is returned, following the filing of a motion for

judgment on the special findings which remains undetermined, does not operate as a waiver of the motion for judgment on the findings.

Appeal from Ottawa district court; DALLAS GROVER, judge. Opinion filed June 7, 1919. Affirmed.

*William T. Jamison,* and *J. G. Hutchison,* both of Kansas City, Mo., for the appellant.

*E. C. Sweet,* and *F. D. Boyce,* both of Minneapolis, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: William A. Hurt brought this action to recover damages from E. E. Stout and Alice A. Stout, husband and wife, for the breach of a covenant of warranty against encumbrances, and as the defendants prevailed, he appeals.

In an exchange of properties the defendants executed a deed to plaintiff for a large tract of land, and in his petition he alleged that the defendants covenanted that the land was clear and free of encumbrances except an indebtedness "against said property not to exceed $5,600 on the above real estate, encumbrance of record." He stated that it turned out that there were other encumbrances against the property, for the satisfaction of which the property had been sold by due process of law, and that the plaintiff had thereby sustained damages in the sum of $15,000. In their answer defendants alleged that the covenant of warranty in the deed when executed contained an exception of an indebtedness "not exceeding fourteen thousand dollars," and that after the execution and delivery of the deed, the words "fourteen thousand" were erased and the words "fifty-six hundred" substituted, and that there were added the words "on the above real estate encumbrance of record." These material alterations, it was alleged, were made without the knowledge or consent of the defendants, and with the knowledge and at the request of the plaintiff. The jury returned a verdict in favor of plaintiff, and with it answers to special questions to the effect that the instrument was changed after execution, and that the change was made in the presence of plaintiff, and at his request, and further that the defendants did not know of or authorize the change in the deed. It was further found that the total amount of the encumbrances on

the property when the deed was executed was $10,600. Special finding number ten related to the value of the property conveyed by the plaintiff to defendants in consideration of the transfer in question, and special finding number eleven related to the ownership of a certain piece of property conveyed by the defendants to the plaintiff. The defendants asked the court to set aside findings ten and eleven, and in a separate motion asked to have a judgment rendered in their favor on the other special findings. About the same time they filed a motion for a new trial. The court sustained their motion so far as to set aside special finding ·number ten, and then sustained their other motion awarding judgment to defendants, setting aside the verdict and giving judgment in their favor upon the remaining special findings. At the same time the court permitted defendants to withdraw their motion for a new trial.

The findings of the jury definitely determined that after the execution of the deed it had been altered at the instance of the plaintiff, and without the knowledge or consent of the defendants, thus reducing the encumbrances assumed by plaintiff from a sum not exceeding fourteen thousand dollars to an amount not exceeding fifty-six hundred dollars. This was the principal issue between the parties, and there is no contention that these findings are without support in the evidence.

The first contention is that the court erred in setting aside one of the findings and then overthrowing the general verdict because it was inconsistent with the remaining findings. Special findings control a general verdict, and therefore the court was authorized to set aside the verdict and give judgment in accordance with the special findings. (Civ. Code, § 294, Gen. Stat. 1915, § 7194.) It is immaterial that a special finding returned was set aside if those remaining settle the substantial issues and warrant the judgment that was rendered. Did the plaintiff make or cause the making of a material alteration in the deed? That was the question that divided the parties. The finding set aside was not in conflict with, nor did it impair, the force of the findings that the plaintiff had changed the covenant in the deed. The invalidating effect of the change would have been the same, however the answer to question ten had been made, and the court was well within its authority in entering judgment for defendants upon the other findings. According to the special findings the alteration was

material, and, so far as the plaintiff is concerned, the change operated to avoid the altered instrument. (2 C. J. 1185.) The law does not allow a party to obtain an advantage through his own wrong and fraud. It is true that he did not guide the pen when the erasure and change were made, but it was done in his presence, and at his request, without the knowledge or consent of the grantors. An alteration by his procurement is chargeable to him just the same as if it was made with his own hand. (2 C. J. 1237.)

Neither is there anything substantial in the contention that when the defendants filed their motion for a new trial, it amounted to an election to stand upon that remedy and constituted a waiver of the motion for judgment. Under the circumstances defendants were entitled to ask for relief under both motions, as the motion for judgment upon the findings was taken under advisement and was not to be determined within three days, and as a motion for a new trial to be effective must be filed within three days after the verdict is returned, it was incumbent upon the defendants, for their own protection, to place the motion for a new trial on file before the disposition of the first motion. The filing of the latter did not waive the right to have the former considered, and when judgment on the findings was given in their favor, the motion for a new trial became immaterial and, as it required no further consideration, its withdrawal was proper. (*Railroad Co. v. Holland,* 58 Kan. 317, 49 Pac. 71; *Railway Co. v. Osburn,* 79 Kan. 348, 100 Pac. 473; *Linker v. Railroad Co.,* 87 Kan. 186, 123 Pac. 745; *Tacha v. Railway Co.,* 97 Kan. 571, 155 Pac. 922.)

Something is said by plaintiff about the ratification of the alteration by defendants, but no such issue was raised in the pleadings. If plaintiff relied on ratification or estoppel, he should have pleaded the facts on which such a defense was based. No such issue is presented in the pleadings, and there is nothing in the record to show that any evidence was introduced on the subject.

Some other contentions are made by plaintiff, but we find nothing substantial in any of them.

Judgment affirmed.