## JAY NICHOLS v. JOHN W. TRUEMAN.
### No. 15,946.

1. PRACTICE, SUPREME COURT—*Motion for a New Trial—Review of Ruling on a Question of Law.* Where the facts were agreed to the only question presented to, or passed upon by, the trial court was one of law, and a motion for a new trial was unnecessary to procure a review of the decision.

2. TAX DEEDS—*Residence of Grantee.* A compromise tax deed recorded five years was not void on its face because of its failure to state the address or residence of the grantee.

Error from Greeley district court; CHARLES E. LOB-DELL, judge.   Opinion filed April 10, 1909.   Reversed.

*D. R. Beckstrom,* for the plaintiff in error.

*George L. Reid,* and *Russell & Russell,* for the defendant in error.

*Per Curiam:* The motion to dismiss must be denied. The cause was submitted below on an agreed statement of facts, and a motion for a new trial was unnecessary. (*Atkins v. Nordyke,* 60 Kan. 354.)   The only question presented to, or passed upon by, the trial court was a question of law.

The court held the tax deed void on its face because of its failure to state the address or residence of the grantee.   The deed is a compromise tax deed, and had been of record five years when this action was commenced.   Since the case was decided by the trial court we have held, in *Havel v. Abstract Co.,* 76 Kan. 336, and *Trust Co. v. Davis,* 76 Kan. 639, that such omission in a tax deed which has been of record for five years will not render the deed void on its face.   On the authority of these cases the judgment is reversed and the cause remanded, with directions to enter judgment for the defendant.