THE INTERNATIONAL FILTER COMPANY, *Appellant,* V.
THE COX BOTTLING COMPANY, *Appellee.*

No. 18,197.

SYLLABUS BY THE COURT.

1. JUDGMENT—*Erroneous as Matter of Law—Motion for New Trial Unnecessary.* Where the appellant claims that upon the ascertained and undisputed facts the judgment is erroneous as a matter of law a motion for a new trial is unnecessary.

2. ——— *Specifications of Error — Sufficient for Review.* Where in such a case there are no special findings, the specifications of error are sufficient if they set forth the particular questions of law which appellant claims were involved in the general judgment and decided erroneously.

3. SALE—*With Warranty—Failure to Rescind in Specified Time.* A contract for the sale of a water filter, evidenced by the correspondence of the parties, it is *held,* was not for a sale upon an implied warranty with a reasonable time for the purchaser to test the machine; but on the contrary, a sale upon approval with the understanding that the machine was to be returned within thirty-five days if it proved unsatisfactory; and further *held,* that because of failure to return it within the agreed time, the purchaser became liable for the price.

Appeal from Sedgwick district court, division No. 1. Opinion filed May 10, 1913. Reversed.

*Ross C. McCormick,* and *John W. Blood,* both of Wichita, for the appellant.

*S. B. Amidon, D. M. Dale, Jean Madalene,* and *Benjamin F. Hegler,* all of Wichita, for the appellee.

The opinion of the court was delivered by

PORTER, J.: Plaintiff claimed to have sold and delivered to defendant a water filter, and brought this action to recover the purchase price of $104. The defense was that the filter was sold upon approval, with a guaranty that it would perform the work for which it was purchased, that it failed to do the work, and that

defendant had returned it to the plaintiff and there- fore owed nothing. A jury having been waived, the cause was submitted to the court. Both parties intro- duced evidence and the court made a general finding in favor of defendant.

The plaintiff, without filing a motion for a new trial, has appealed from the judgment; and the first conten- tion the defendant makes is that no error is assigned which can be raised except by a motion for a new trial.

The assignments of error are:

"First. The court erred in finding this an absolute sale with implied warranties and a right to return within a reasonable time.

"Second. The court erred in finding that the filter was returned within a reasonable time.

"Third. The court erred in not finding this a sale with conditions subsequent.

"Fourth. The court erred in not finding generally for the plaintiff and rendering a judgment for the amount claimed, and costs."

Plaintiff does not question the facts or the evidence, but for the purposes of the appeal takes the position that defendant may have the benefit of the most favor- able inferences that can be drawn from the evidence and the general findings; but granting so much, it claims that the judgment is erroneous as a matter of law; that it should be reversed and judgment ordered in plaintiff's favor.

The particular objection to the first three specifica- tions is that they purport to be based upon special findings, while the record shows a general finding only. If it appear, however, from the undisputed facts that, as the plaintiff claims, the general finding necessarily includes findings to the effect that there was an abso- lute sale with an implied warranty and a right to re- turn the filter within a reasonable time, then the situa- tion is no different from what it would be in case there had been special findings of these facts.

Filter Co. v. Bottling Co.

The fourth assignment standing by itself is insufficient, because it fails to state what erroneous rulings caused the rendition of the judgment in defendant's favor. (*Lumber Co. v. Smith*, 84 Kan. 190, 114 Pac. 372.) But instead of standing alone, it is a mere corollary of what precedes it, that is, an inference or conclusion from the other specifications of error, and may be regarded as superfluous. There are no trial errors complained of and nothing relied upon as ground of reversal save and except pure questions of law arising, according to plaintiff's contention, from facts concerning which there is no dispute, and therefore a motion for a new trial was not necessary; and for the reasons stated we regard the specification of errors as sufficient to present the question of law.

The contract for the sale of the filter is embraced in certain letters which passed between the parties. In March, 1910, the defendant wrote, asking plaintiff for prices on an International filter with a capacity of 150 gallons per hour, to which plaintiff replied, stating a price. Nothing came from this exchange of letters, and on August 20 the plaintiff wrote defendant, offering to ship a filter, with the understanding that it was to be returned within thirty-five days from date of shipment if the results obtained were not satisfactory. Three days thereafter defendant wired an order for a filter, followed by a letter of August 29 asking when shipment would be made. On receipt of this letter plaintiff shipped the filter, and on August 31 sent a bill for the purchase price. The defendant, on September 9, wrote a letter acknowledging receipt of the machine and advising plaintiff that it had been found upon examination not to be adapted to the defendant's needs, for the reason that it would not permit of a tight connection. The letter closed with this statement:

"However, we will try to find a way in which it can be used, and if successful will give the machine a trial."

The plaintiff immediately wrote, making a suggestion that a flexible joint for connecting the filter be employed, and offering to advise further if required. Nothing further was heard from the defendant, and on October 26 plaintiff wrote requesting payment; and receiving no reply wrote again on November 7 for the same purpose.

On November 9 the defendant answered, stating that the filter had been shipped on approval, that it had been tried and had failed to give satisfaction, that defendant was returning it, and in the letter there was a bill of lading for the same. November 14 the plaintiff wrote and informed the defendant that the filter had been received and was held subject to defendant's order.

On the trial plaintiff produced further correspondence, consisting of two letters purporting to come from the defendant and copies of plaintiff's replies to the same. The letters and replies are as follows:

"WICHITA, KANS., Jan. 26, 1911.

"*The International Filter Co., Chicago, Ill.*

"GENTLEMEN:

"We have today been presented with your bill amounting to $104.00 covering our filter which we received on trial and which was returned to you account not satisfactory. We have had our attorneys investigate this matter and find that we are liable, account the filter not being returned within the time specified, and are therefore willing to pay, but we request that you kindly extend this account to the 15th of Feb. as collections are very slow at the present time, and we are not able at the present time to make this payment. We also wish to advise that you may keep the filter as we have no use for it, and we will charge the $104.00 up to experience.

"Thanking you in advance for any favors which you may show us, and asking you to advise your attorneys to extend the account to the above mentioned date, we remain,

Yours truly,

(Signed)     THE COX BOTTLING CO."

"JAN. 30, 1911.

"*The Cox Bottling Co., Wichita, Kans.*

"GENTLEMEN:

"In reply to your letter of Jan. 26th.

"It will be entirely satisfactory to us if we receive remittance to cover account of February 15th. Will you kindly arrange to send us same at that time? We will instruct our attorneys to return the claim to us. We believe that after you get this Filter

Filter Co. v. Bottling Co.

paid for and put it into use in your establishment, you will like
it and that you will not consider dispensing with it at any price.
Yours very truly,
INTERNATIONAL FILTER CO."

"FEB. 17, 1911.
"*The Cox Bottling Co., Wichita, Kans.*
"GENTLEMEN:
"We are not yet in receipt of your remittance for $104.00
which you agreed to pay by the 15th of this month.  We trust
that now that we again call your attention to the matter, that
you will let us receive same promptly upon receipt of this.
Yours very truly,
INTERNATIONAL FILTER CO."

WICHITA, KANS., Feb. 20, 1911.
"*The International Filter Co., Chicago, Ill.*
"GENTLEMEN:
"Referring to your letter of the 17th relative to our account
of $104.00.  Beg to advise that we will be able to send you this
amount within the next few days, we have been delayed as busi-
ness and collections are slow for this time of year.
Yours truly,
(Signed)        THE COX BOTTLING CO."

The president and general manager of the defendant
testified that he personally conducted the correspond-
ence in regard to buying the filter, but denied writing
the letters of January 26 and of February 20, or that
he had any knowledge of their being written.  He tes-
tified that no one else had authority to write them;
that there was a young man working there at that
time whose business it was to open the mail and take
out the orders that came in, who might have written
them; that they were written on the letterheads of the
defendant company, and that there was nothing about
them to indicate that they came from any other office.
There was no denial of the receipt of the letters from
the plaintiff written in reply thereto.  In reference to
the filter, the same witness said that it was tested for
six weeks, and further testified as follows:

"I can not give you the exact time that I finally
decided that it was not adapted to our work.  It must
have been a week, probably a week, between the time
that we took it down and boxed it up, and the time
that we wrote the letter.  I do not know why it was
not taken to the depot before November, some time,
except that we are pretty busy down there most of the

time, especially this time of year. We keep our help down as low as we can, and that probably accounts for it. We just did n't get to it."·

The judgment in defendant's favor amounts to a finding in effect that the letters of January 26 and February 20 were written by some person without authority from the defendant, and the determination of that issue is binding upon the plaintiff.

· It must be assumed that the court found that there was a sale of some·kind. That is conceded in the pleadings and admitted by the defendant; and the only theory upon which the court could have found for the defendant is, that the evidence shows a sale· with an implied warranty, which entitled defendant to a reasonable time to return the filter if it proved unsatisfactory, and that it was returned within a reasonable time. But that·theory falls to the ground for the reason that it is in direct conflict with ascertained facts about which there can be no dispute. The offer made by. the plaintiff in the letter of August 20 was to ship the filter "with the understanding that it is to be returned to us within 35 days from date of shipment, if the results obtained are not satisfactory." The defendant's letter dated August 29, directing shipment to be made, was an unconditional acceptance of the offer. The question of a reasonable time in which · ·to test the filter is therefore taken out of the case by the express contract of the parties, which fixed the time when the sale was to become absolute if the filter had not been returned. The writings which comprise the contract contain no evidence that would justify a finding that there was a warranty of fitness. It is true, there were representations made, and if it were conceded that the filter was sold with the knowledge of the plaintiff that it was wanted for a special purpose, still, there was no warranty that it would answer that purpose; there was a sale upon approval with a stated time given to enable defendant to become satis-

Kirkham v. Kansas City.

fied as to fitness, and either to return the filter if found unsatisfactory, or keep it and pay the price. The admission of the defendant is that the filter was not reshipped until November 9, sixty-one days from the date of shipment, and it appears to have been received by the plaintiff on November 14.

Upon the undisputed facts the liability of the defendant for the purchase price of the machine is so clear that the judgment will be reversed with directions to enter judgment for the plaintiff.