McLeod v. Palmer.

---

No. 19,511.

N. C. McLEOD et al., *Appellees,* v. GEORGE H. PALMER, as Executor, etc., and JOHN WALDEN, *Appellants,* et al.

### SYLLABUS BY THE COURT.

1. EJECTMENT AND PARTITION—*Parties—Executor under the Will Has no Interest in the Cause of Action.* A will directed the executor to lease the real estate for a period long enough to raise funds to pay certain legacies, and then directed him to sell the real estate and divide the proceeds among certain heirs and devisees. In a suit in ejectment and partition brought against the heirs, legatees and the executor the court rendered judgment against plaintiffs and in favor of the answering defendants, including the executor, and gave judgment in favor of plaintiffs and against several nonanswering defendants who were served by publication only. The executor appealed, claiming he was

McLeod v. Palmer.

made a trustee as well as executor, and that he represents the non-answering defendants. *Held*, that the will vests no title in the real estate in the executor, and that the judgment interferes in no manner with any duties imposed upon him except to direct him to make certain payments to plaintiffs instead of to certain nonanswering defendants, and therefore the motion to dismiss the appeal as to the executor is well taken.

2. WILL—*Partition of Estate—Rights of a Certain Legatee under the Will and under the Judgment of Partition Defined.* The will gave John Walden one-half of the proceeds of the sale of real estate after paying the legacies and expenses of administration, and one-fourth to each of two nonanswering defendants, with a further provision that if both the last two mentioned beneficiaries "be dead or can not be located at the time of said division then their shares shall be paid to my son, John Walden, or if not living, to his children." John Walden appeared and answered and the judgment was in his favor against the plaintiffs, but the court held that as to the defendants who had failed to appear and answer plaintiffs were entitled to recover, and decreed that the plaintiffs are the owners of the real estate as against any right or claim on the part of the nonanswering defendants. *Held*, that John Walden has the right to appeal notwithstanding the general judgment was in his favor inasmuch as the terms of the judgment are too broad and leave room for the possible contention that plaintiffs take immediately the interests bequeathed to the last two mentioned beneficiaries, whereas plaintiffs can only take such interests provided the last two mentioned beneficiaries are living and can be located at the time of the division; and *held*, further, that the judgment should be modified to protect the rights of John Walden in the event the last two mentioned beneficiaries are not living or can not be located at the time the division is made.

3. PARTITION—*Judgment against Nonanswering Defendants.* In the case stated the judgment was not necessarily upon a joint cause of action, and as plaintiffs' petition stated a cause of action against the non-answering defendants it was not necessarily the duty of the court to interpose the same defense made by those who answered and to have refused to give plaintiffs judgment as against those who failed to answer.

4. APPEAL—*Question of Law—Motion for New Trial Unnecessary.* A motion for a new trial is unnecessary where there is no dispute as to the facts and plaintiff seeks only a review of a decision upon a question of law.

Appeal from Cloud district court; JOHN C. HOGIN, judge. Opinion filed July 10, 1915. Modified.

*Homer Kennett,* and *Olin Hunter,* both of Concordia, for the appellants.

*Charles L. Hunt,* of Concordia, for the appellees.

The opinion of the court was delivered by

PORTER, J.: Plaintiffs, who are appellees, sued in the district court in ejectment and for partition of certain real estate and asked for the construction of the will of Hannah Dodson, deceased. Five of the defendants being nonresidents were served by publication only; the others were personally served, and appeared and answered. The court rendered judgment against the plaintiffs in favor of all the defendants who appeared and answered, but gave judgment in plaintiffs' favor and against the defendants who were in default. Palmer, executor of the will, and John Walden are the only parties who appeal. They were among the defendants who appeared and in whose favor a general judgment was rendered, and there is a motion to dismiss upon the ground that the only parties against whom judgment was rendered have not appealed and are not before the court.

A brief statement of the facts will be necessary in order to understand the contentions of the parties on the motion to dismiss.

Hannah Dodson, a resident of Cloud county, died in October, 1910, owning a farm which she undertook to dispose of by her will. Shortly after her death Eugene S. Knapp who had married her in 1865, but who had lived apart from her since 1875, executed a quitclaim deed to the plaintiffs conveying whatever interest he had in the land in question, and this deed is the plaintiffs' source of title by which they claim a one-half interest in the farm described in the will. The defendants are the executor of the will and certain heirs and legatees of Hannah Dodson who are mentioned in her will. When the case came on for trial the plaintiffs were met by a judgment of divorce rendered by the circuit court of Michigan in a suit brought there by Hannah Dodson, then Hannah Knapp, divorcing her from her former husband, Eugene S. Knapp. The district court giving to the Michigan decree full force and credit found that the plaintiffs, as against the answering defendants, acquired no title to the real estate in question, and therefore rendered judgment as stated against the plaintiffs and in favor of all the answering defendants. At the same time, however, the court held that as to those defendants who had failed to

appear and answer the plaintiffs were entitled to recover, and the judgment which is complained of here recites that as against any right or claim on the part of the defendants (those defaulting) the plaintiffs are the owners of the real estate described in their petition.

It should be stated that subsequent to the Michigan divorce the testatrix married Dodson. Her will directs the executor, Palmer, to pay certain specific legacies aggregating $600 to certain persons living in Cloud county, all of whom appeared and answered. The will then directs that the farm be rented, for a period of five years or such time as may be necessary to raise a sum sufficient to pay the bequests together with expenses of administration, and the executor is then directed to sell the farm and to divide the proceeds among certain other legatees mentioned. Palmer, the executor, contends that he was made a trustee as well as executor; that he has a right to appeal because he represents those of the defendants who did not answer. The will, however, vests no title in him and he has no interest in the ultimate disposition of the proceeds of the sale of the real estate. There is no merit in his contention that he will not be able to make a satisfactory sale of the real estate because the judgment affects the title. The will directs him to sell the farm and divide the proceeds among certain legatees. The judgment in no manner interferes with his duty to carry out the provisions of the will except that in effect it orders certain payments to be made by him to plaintiffs instead of to certain of the legatees named in the will. He has no right to complain of this part of the judgment because it does not concern him personally nor affect his duties as executor or trustee. The motion to dismiss as to the executor is well taken.

As to John Walden, the other defendant who appeals, a different situation is presented. The first contention against him is that not having filed a motion for a new trial he can not appeal. He makes no claim of error as to any findings of fact, and his sole claim is that the court erred in a matter of law. A motion for a new trial was not necessary. (*Nichols v. Trueman,* 80 Kan. 89, 101 Pac. 633; *Filter Co. v. Bottling Co.,* 89 Kan. 645, 132 Pac. 180.)

The will, after providing for the payment of the specific

legacies to the defendants who reside in Cloud county, directs the executor to divide the proceeds as follows:

"To my sister Almira Knapp of Le Grande, Oregon, a widow, the sum of $300.00, but if my said sister, Almira Knapp shall not be living at the time of such division of the proceeds from the sale of my said farm, I direct that the above mentioned $300.00 be paid to my three nephews, Bert Elliott, Frank Elliott and George Elliott, now residing in Sand Creek, Michigan, in equal shares.

"I direct that the balance remaining from the proceeds of said sale after said $300.00 be paid, shall be divided as follows, to wit:

"One-half (½) to my son John Walden, now residing at La Grande, Oregon, or if not living, to the children of said John Walden in equal shares.

"One-fourth (¼) to my son Ladd Almon Knapp, present address not known.

"One-fourth (¼) to my grandson, Leo Knapp, who, when last heard from was residing in Oregon.

"But if either of the last two named beneficiaries are dead or can not be located at the time of said division, then his share shall be paid to the other, and if both the last two named beneficiaries be dead or can not be located at the time of said division then their shares shall be paid to my son, John Walden, or if not living, to his children."

It appears, therefore, that John Walden is made the residuary legatee under the will upon the happening of certain contingencies. The judgment in his favor gives him one-half of the balance remaining from the proceeds of the sale after the payment of the legacies, but he is also to receive the one-fourth of such balance bequeathed to Ladd Almon Knapp and the one-fourth bequeathed to the grandson Leo Knapp "if both the last two named beneficiaries be dead or can not be located at the time of said division." The terms of the judgment are broad enough to furnish some ground for future controversy, and possibly for the contention that plaintiffs take immediately the interests bequeathed by the will to these two beneficiaries, Ladd Almon Knapp and Leo Knapp; whereas, giving the judgment rendered by the court all the effect to which it is entitled, plaintiffs would only take these interests provided the last two mentioned beneficiaries are living and can be located at the time the division is made. There is some force in the contention that it is a harsh doctrine that a court of justice, after having decided that the plaintiffs acquired no title whatever to this real estate by the quitclaim from Eugene Knapp because he was not the husband of the testatrix at the time of her

death, may in the same breath pronounce a solemn decree that the plaintiffs nevertheless are entitled to take the interest of the nonanswering defendants in the real estate. Authorities are cited in support of the doctrine that it is only a general rule that failure to answer admits all the material allegations of the petition, and that the rule must not be permitted to authorize a court to render an absurd judgment in direct violation of natural laws. It is said that the rule does not prevail where two or more persons are sued and one makes a defense which, if sustained, will defeat the entire right of recovery. In such a case the defense inures to the benefit of all the defendants, as well those who defend as those who suffer default. The authorities cited, however, are cases arising *ex contractu,* or cases where it is essential to the plaintiff's right to recover against any defendant that he establish a joint liability, and must recover against all or none. Thus we are cited to the text in 23 Cyc. 808, where it is held that the test is "whether a separate action against the particular defendant could have been maintained." But this citation is from a paragraph considering judgments under joint liability acts, and expressly refers to a case where "plaintiff sues on a joint contract or obligation, which is not also several," and it is said that he must recover in such a case against all or none, as at common law.

In a suit like this, however, we think the judgment was not necessarily upon a joint cause of action, although if all the defendants had answered and set up the same defense the same general judgment would have been rendered in favor of all the defendants and against the plaintiffs because of the Michigan decree. In an action of this kind the plaintiffs might have recovered as against some of the defendants and failed to recover as against others on any other theory except the one mentioned. The petition stated in general terms a cause of action against all the defendants. As to those who failed to appear and answer, the plaintiffs were entitled to take judgment at the first term and without waiting for a trial of the case as to the answering defendants, and a separate judgment might have been entered before proceeding to the trial on the merits as to those who answered. Since the petition did state a cause of action against the nonanswering defendants

Pullin v. Railway Co.

it can not be said, we think, that the court should have interposed the same defense made by those who answered and have refused to give the plaintiffs judgment as against those who failed to answer.

It follows from what has been said, however, that the judgment will be modified and the court directed to protect the rights of John Walden in accordance with the views expressed in the foregoing opinion, and as so modified the judgment will be affirmed.

WEST, J., MARSHALL, J. and DAWSON, J., dissenting.