SAFETY INSULATED WIRE AND CABLE COMPANY, PROSE-
CUTOR, v. COURT OF COMMON PLEAS IN AND FOR THE
COUNTY OF HUDSON ET AL., DEFENDANTS.

Submitted December 7, 1916—Decided April 7, 1917.

1. Where, in a suit brought under the Workmen's Compensation act,
   an award is made, based on a finding of total disability, and it
   appears that a year and a half after the award the petitioner's
   earning capacity had been fully restored, it was erroneous for
   the Court of Common Pleas to refuse an order modifying the
   original award, as provided by section 21 of the act. *Pamph. L.*
   1911, *p.* 143.
2. The basic principle of the Workmen's Compensation act is in-
   demnity. Therefore, when it appears, in a case where an award
   has been made, that the incapacity upon which the award was
   based had diminished or ceased, it becomes the duty of the court,
   upon proper application, to interfere and grant relief.

On *certiorari.*

Before Justices SWAYZE, MINTURN and KALISCH.

For the prosecutor, *Isidor Kalisch.*

For the defendants, *Alexander Simpson.*

The opinion of the court was delivered by

KALISCH, J. This matter comes before us, by writ of
*certiorari,* to review the legality of an order made by Judge
Tennant, Judge of the Hudson County Court of Common
Pleas, dismissing a petition for rehearing, filed by the prose-
cutor in a workmen's compensation case, and directing that
an order awarding compensation theretofore entered in favor
of Philip Kress, be continued with full force and effect, with
costs.

On or about April 1st, 1912, Philip Kress, who was
in the employ of the prosecutor received an injury in
his employment. Within the year Kress filed a petition

in the Hudson County Common Pleas Court for compensation under the Workmen's Compensation act, and Judge Carey, who was then the judge of that court, after a hearing, in a determination of facts and order filed March 8th, 1913, ordered that the prosecutor should pay as compensation to Kress for his injuries $6.21 per week for a period of four hundred weeks. In February, 1916, an application based upon a petition was made by the prosecutor to Judge Tennant, the successor of Judge Carey, for a hearing, and the judge made an order with the consent of the attorney representing Philip Kress, that the hearing on the application be set down for Friday, the 10th day of March, 1916. On May 12th, 1916, the case came on before Judge Tennant for a hearing upon a stipulation between counsel for the respective parties, to determine whether the order awarding compensation theretofore entered in the cause should be modified.

The hearing developed that Kress was earning $12.42 at the time he was injured. The injuries he sustained were as follows: The loss of the third and fourth fingers of the left hand and impairment of the use of the remaining fingers on the left hand; loss of two joints of forefinger of right hand, and permanent loss of use to first joint of thumb on the right hand.

The injuries enumerated were those which appeared to have been sustained by Kress when he testified at the original hearing before Judge Carey, in addition to the fact that the petitioner at that time also complained that he suffered from pains in the head, and it further appeared that he was unable to perform any work. Judge Carey allowed four hundred weeks' compensation and, therefore, the basis of this allowance under the Compensation act must have been that there was permanent and total disability.

The statute provides that the loss of both hands, or both arms, or both feet, or both legs, or of any two thereof, shall constitute total and permanent disability, to be compensated according to clause *b* of the act of 1911, section 11, page 137; and in reverting to the clause referred to, we find that

compensation in such cases shall be paid for a period not beyond four hundred weeks.

We think the statute contemplated other disabilities total in character and permanent in quality besides those enumerated. This we gather from the final clause to section *b*, which reads: "This compensation shall be paid during the period of such disability, not, however, beyond four hundred weeks."

Furthermore, it is to be noted in this connection that section *c* proceeds to give a schedule of injuries, their basis of compensation and number of weeks of duration. We find that all the injuries testified to by the petitioner existed at the original hearing and are to be found in schedule *c*. Basing the period of duration of compensation to which the petitioner was entitled, by reason of the character of his injuries, on the schedule of section *c*, it needs no argument to demonstrate that he was not entitled to a period of four hundred weeks. The award of four hundred weeks made by the court on the original hearing can only be reasonably accounted for on the theory that the court grouped the various injuries which the petitioner sustained, plus the pains in the head of which the petitioner complained, and found that they constituted disability total in character and permanent in quality.

It will be presumed in the absence of anything to the contrary, that the finding of the court was justified by the facts then adduced. On the hearing of the present application, it appeared that the petitioner was incapacitated from performing any labor for a year and a half, but that afterwards he succeeded in obtaining employment of a light character for which he was paid $9 per week. Subsequently he was employed as a watchman in a factory, which position he still holds, at $12 per week, which wages were later raised to $14 per week. It thus appeared before the court below that the petitioner's earning capacity had not only been restored, but that he was receiving $2 a week more for his labor than at the time he was injured.

Upon this state of the facts, counsel for the prosecutor bases the argument that since the award made in the original proceeding the petitioner's condition has improved to such an extent that it is no longer a total disability, and that, therefore, the prosecutor is entitled to have the original order awarding compensation modified.

Because it appeared that the injuries of the petitioner were the same as when he applied for compensation, the court below proceeded upon the theory that the present application involved a review of the propriety of the award in the original proceeding, and, therefore, refused to modify the award. But it is obvious that this was an erroneous conception of the situation.

Although the original award is incidentally involved in the application for a modification thereof, it is clear that the application was in nowise an attack on the propriety of the award upon the facts as they then appeared before the court. The essential new fact, which was disclosed to the court below, was that what appeared in the condition of the petitioner in the original proceeding to be a total disability has proved in the course of time not to be so, as evidenced by the fact of the ability of the petitioner to perform labor at higher wages than at the time of his injuries.

By section 21 of the Workmen's Compensation act of 1911, page 143, it is, among other things, provided that an award of compensation may be modified at any time after one year from the time when it became operative, and may be reviewed upon the application of either party on the ground that the incapacity of the injured employe has subsequently increased or diminished.

It is to be observed that the term "incapacity of the injured employe" is used. The legislature has thereby established the test of "incapacity" as the determining factor whether an award shall be diminished or increased, as the case may be. The incapacity which the legislature had in mind was the incapacity to perform labor. This, of course, is not applicable to the class of cases which the legislature has expressly declared to be that of total disability, such as

the loss of both legs, &c., and for which there is a fixed period of compensation.

It must be borne in mind that the basic principle of the Compensation act is indemnity. Therefore, when it appears, in a case where an award has been made, that the incapacity upon which the award was based had diminished or ceased, it becomes the duty of the court upon a proper application to interfere and grant relief.

These views lead to the setting aside of the order made by the court below dismissing the application of the prosecutor and directing that the order awarding compensation in the original proceeding be continued in full force and effect.

The record will be remanded that the case may be proceeded with in accordance with the views expressed herein.