No. 22,146.

ELMER CLOSE, *Appellee,* v. THE LUCKY O. K. MINING COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

1. COMPENSATION ACT—*Injury to Leg—Amount of Compensation.* By virtue of the provisions of section 3 of chapter 226 of the Laws of 1917, an injury to a leg may in some instances justify a larger amount of compensation than loss of the leg, and it was not error in this case to follow subdivision 19 of such section, instead of the schedule set forth in subdivision 14 thereof.

2. SAME—*Appeal—Insufficient Record—Matters Reviewable.* The record being confessedly one to be treated as if no motion for a new trial had been filed, as neither general findings nor ascertained and agreed facts are presented, claims touching excess of judgment, failure to submit to a surgical operation, and the objective character of the injury, involving an examination of conflicting evidence, cannot be considered.

Appeal from Cherokee district court; JAMES N. DUNBAR, judge. Opinion filed July 5, 1919. Affirmed.

*J. J. Campbell, P. E. Nulton,* and *C. O. Pingry,* all of Pittsburg, for the appellant.

*D. G. Smith,* of Girard, and *Fred A. Walker,* of Columbus, for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff recovered a lump-sum judgment under the workmen's compensation act for an injury to his knee incurred while at work in the defendant's mine. The defendant appeals, and claims that the judgment is erroneous because excessive, and that the district court erred in rendering a lump-sum judgment.

17—105 KAN.

The trial court made one finding of fact that—

"The basis of the recovery of the amount of $4,810.74 was arrived at on the theory there was a permanent partial disability of the plaintiff, under such conditions as entitled him to compensation and the amount was arrived at by taking the amount of his compensation proven and finding that the plaintiff had an earning capacity after the injury of $1.00 per day and allowing the plaintiff 60% of the difference between the amount of compensation proven and the amount of earning power after the injury."

It is urged that the judgment is excessive because not sustained by the evidence, because the injury is one coming under the schedule of subdivision 14 of section 3 of chapter 226 of the Laws of 1917, and not under subdivision 19 thereof, and because the plaintiff's capacity to work could be fully restored by a simple surgical operation. It is conceded that these matters are presented as errors of law, and as if no motion for a new trial had been filed. This precludes an examination of the evidence to see whether or not it sustains the findings, for we are not presented with findings of fact or with ascertained and agreed facts, and hence can consider errors of law only, as distinguished from what might be called trial errors. (*Ritchie v. K. N. & D. Rly. Co.*, 55 Kan. 36, 39 Pac. 718; *Nichols v. Trueman*, 80 Kan. 89, 101 Pac. 633; *Filter Co. v. Bottling Co.*, 89 Kan. 645, 132 Pac. 180; *Perkins v. Accident Association*, 96 Kan. 553, 152 Pac. 786; *Tacha v. Railway Co.*, 97 Kan. 571, 155 Pac. 922.)

It may well be that the loss of a leg might, in some instances, work less incapacity for earning wages than an injury thereto; at any rate, the schedule of the section already referred to expressly allows for the loss of the leg 50 per cent of the average weekly wages during 200 weeks, while the same section, subdivision 19, provides that—

"In case of partial disability not covered by schedule the workman shall receive during such period of partial disability not exceeding (8) eight years, 60 per cent of the difference between the amount he was earning prior to said injury as in this act provided and the amount he is able to earn after such injury."

The trial court in following this provision committed no error, for thus the law is written.

The claim that the judgment is not sustained by the evidence is one which should have been presented by a motion for a new

trial, if it is meant that the judgment is in whole or in part contrary to the evidence. (Civ. Code, § 305, subdiv. 4.) If it is meant merely that it is not sustained by the evidence, then to go into such claim would involve on our part an examination of the conflicting testimony for the purpose of determining whether or not the judgment is supported thereby. Such a task is within the province of the trial court, but is not one to be performed for the first time by this court on appeal.

As to the failure of the plaintiff to submit to a surgical operation, it should be observed that, while the evidence on this point seems to be all set forth in the abstract, it is not harmonious, nor is its effect or meaning conceded or agreed upon, and hence we cannot go into it to determine its significance.

The same may be said respecting the contention that the injury was not ascertainable by objective examination. Counsel, as other fair-minded persons might do, disagree as to what the evidence shows in this respect, and it is not for us on appeal to settle such disagreement.

The judgment is affirmed.