No. 25,548.

JOHN W. MURRAY and HAROLD F. HANES, *Appellees,* v. J. H. CLOSE, OSCAR BONNETT and JOHN E. BARRETT, *Appellants.*

OPINION DENYING MOTION FOR REHEARING.

Appeal from Miami district court; JABEZ O. RANKIN, judge. Opinion denying a rehearing filed May 9, 1925. (For original opinion of reversal see *ante,* p. 51, 234 Pac. 60.)

*Frank M. Sheridan, B. L. Sheridan,* both of Paola, *A. M. Harvey, Randal C. Harvey,* and *Paul L. Harvey,* all of Topeka, for the appellants.

*Karl V. Shawver,* of Paola, *Charles Reagh,* of Chicago, Ill., and *M. L. Corey,* of Washington, D. C., for the appellees.

The opinion of the court was delivered by

HOPKINS, J.: In a motion for rehearing the plaintiffs argue that inasmuch as no motion for a new trial was passed upon by the trial court this court should not have considered the evidence, and that the plaintiffs should be granted a rehearing because they submitted the case without giving consideration to the evidence. Both contentions are without merit. The defendants claimed to have abstracted and presented all the evidence. The plaintiffs do not deny this. They say, "We do not wish to accuse counsel for appellees of coloring the abstract in any way. We believe the abstract to be as fair as possible consistent with its abbreviated form." The plaintiffs could not have been misled, they necessarily understood the evidence was to be considered, because their attention was specifically directed to the fact in the original brief filed by the defendants, also in a reply brief. The case was amply submitted by the plaintiffs from their standpoint, and the question of the sufficiency of the evidence was properly considered by the court. (*Filter Co. v. Bottling Co.,* 89 Kan. 645, 132 Pac. 180; *McLeod v. Palmer,* 96 Kan. 159, 150 Pac. 535; *Tacha v. Railway Co.,* 97 Kan. 571, 155 Pac. 922; *Weaver v. City of Cherryvale,* 102 Kan. 475, 170 Pac. 997.) It is not amiss, however, to say that a broader review of the case was made here than was necessary under the findings of the jury. The findings compelled a judgment for the defendants, notwithstanding the general verdict for plaintiffs.

It is again contended that the defendants were guilty of bribery. The failure of Fry and his associates to disclose the fact that they were receiving a commission for the sale of the property furnished

the plaintiffs no ground of complaint unless coupled with fraudulent misrepresentations. This issue was disposed of by the finding of the jury that no fraudulent misrepresentations were made in the sale of the lease in question to the plaintiffs. No reason is assigned which, in our judgment, would warrant a resubmission of the case.

The motion for a rehearing is denied.

HARVEY, J., not sitting.