## FERN GOLD MINING CO. v. MURPHY.

(Circuit Court of Appeals, Ninth Circuit. August 24, 1925.)

No. 4437.

**1. Master and servant ☞385(11)—Injury to hip held compensable as "permanent disability."**

Injury to hip, resulting in total "permanent disability," is, under Miners' Compensation Law of Alaska, compensable as a total disability, and not as a partial disability consisting of loss of leg.

[Ed. Note.—For other definitions, see Words and Phrases, Permanent Disability.]

**2. Costs ☞263—Ten per cent. damages allowed for frivolous appeal.**

The question on which case is brought to Circuit Court of Appeals not having been presented below, and being wholly without merit, and collection of judgment having been delayed more than a year by the writ of error, 10 per cent. damages, in addition to interest, will be awarded under rule 30.

In Error to the District Court of the United States for the Third Division of the District of Alaska; E. E. Ritchie, Judge.

Action by W. P. Murphy against the Fern Gold Mining Company. Judgment for plaintiff, and defendant brings error. Affirmed.

L. V. Ray, of Seward, Alaska, for plaintiff in error.

Donohoe & Dimond, of Valdez, Alaska (Robert W. Jennings, of San Francisco, Cal., of counsel), for defendant in error.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge. [1] The defendant in error, in his complaint in the court below, alleged that, while engaged in mining in Alaska as an employé of the plaintiff in error, he received, through an accident occurring in the course of his employment, an injury to his left hip, which resulted in total and permanent disability. He demanded judgment under the Workmen's Compensation Act of Alaska (Laws 1915, c. 71) for $3,600, less $248.50 which had been paid him. The answer denied that the disability was other than temporary. On the trial, the plaintiff in error introduced no evidence. The jury returned a verdict, finding that as the result of his injuries the defendant in error was totally and permanently disabled and entitled to recover compensation as demanded in his complaint. The plaintiff in error saved no exceptions to the evidence, made no motion for an instructed verdict, took no exception to instructions, and requested none. In this court it claims that the judgment is void as to the amount thereof in excess of $1,800, which it says is the amount allowed under the Compensation Law for the injury described in the complaint under the statute relating to employés partially disabled, which prescribes, in case of an employé unmarried at the time of the injury, "for the loss of leg $1,800," and it is argued that the case in hand is in effect a case of the loss of a leg. We find no merit in the contention. It is obvious that an injury to a leg may be such as to cause total and permanent disability. The Legislature of Alaska, in prescribing $1,800 for the loss of a leg, had in mind the case of the loss or amputation of a leg involving only partial disability, and the statute explicitly so states. Here there was evidence of an incurable and permanent injury, and the jury, under proper instructions from the court, found the disability to be total and permanent.

In Saddlemire v. American Bridge Co., 94 Conn. 618, 630, 110 A. 63, 68, the Supreme Court of Connecticut said: "When the loss

of a leg in fact results in partial incapacity, the provision for compensation for the loss of a leg applies. Where the loss of a leg, in fact results in total incapacity, the provision for compensation for the loss of a leg does not apply."

In Close v. Lucky O. K. Mining Co., 105 Kan. 257, 182 P. 392, it was said: "It may well be that the loss of leg might, in some instances, work less incapacity for earning wages than an injury thereto."

There can be no question but that the statute contemplated other disabilities, total in character and permanent in quality, besides those expressly enumerated. Such is the generally accepted view of similar statutes. Safety Insulated Wire Co. v. Court of Common Pleas, 90 N. J. Law, 114, 100 A. 846; Clark v. Clearfield Opera House Co., 275 Pa. 244, 119 A. 136.

[2] The plaintiff in error having refrained from presenting on the trial in the court below the question on which the case is brought to this court, and the question being so wholly without merit, and proceedings to collect the judgment having been delayed by the writ of error for more than a year, we think it is a case in which, in addition to interest, damages at 10 per cent. upon the amount of the judgment should be awarded as provided in rule 30. It is so ordered.

The judgment is affirmed.